UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES CORNET NAPPER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 1:23-CV-0084 SPM |
| HEATHER TIDWELL[1], et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Charles Napper, an inmate at Southeast Correctional Center (SECC), for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 1]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $41.03. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his prison remedies.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

---

[1] The docket refers to defendant Heather Tidwell as "Heather Unknown." The Court will instruct the Clerk to update the docket to reflect defendant's proper name.

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $205.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $41.03, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant action on May 19, 2023, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names as defendants Corizon Medical Services[2] and Nurse Heather Unknown. Plaintiff is silent as to the capacity under which he is suing defendants.[3]

---

[2] "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). Plaintiff has failed to allege a violation of a policy or custom of Corizon.

[3] A plaintiff can bring a 42 U.S.C. § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official

3

Plaintiff claims that on July 26, 2021, he was in a "physical altercation" at SECC when he was housed in Administrative Segregation. After the fight, he was placed in handcuffs by correctional officers, and he complained that his left arm was swollen and felt broken. Plaintiff claims that Nurse Heather Tidwell came to do an initial look of his arm, where he explained that his arm was hurting, was swollen, that he believed it was broken and needed an X-ray. Plaintiff purports that after asking him to wiggle his fingers, Tidwell stated that because he could wiggle his fingers, she did not believe his arm was broken. She indicated to the correctional officers holding him that plaintiff should wash the blood off his knuckles and he would "be ok." Plaintiff complains that he attempted to say more to Tidwell but she walked off.

Plaintiff states that he believes it took him almost two months to receive proper treatment for his broken arm. However, he acknowledges that in the Grievance Response 22-371, dated August 26, 2022, attached to his complaint,[4]

> Subsequent to review and investigation, the results are as follows; according to your medical records it is found that you were evaluated on 7/26/2021. Custody asked for assessment related to an altercation that had occurred. At that time you were educated on the HSR process if you had any complaints with your hand. You were seen in nurse sick call on 8/6/2021 and referred to provider. You were seen by a qualified healthcare provider on 9/9/2021. An Xray was obtained on 9/15/2021 and showed a healing fracture. You were then referred to an orthopedic surgeon. You were seen by an orthopedic surgeon on 10/18/2021 and surgery was recommended and scheduled. Surgery was completed on 12/2/2021 and then followed up on

---

capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989*). See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).

[4]Pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

4

12/7/2021. You were then seen by a qualified healthcare provider on site on 1/19/2022 and again by the surgeon on 2/8/2022. You were then seen against by the onsite provider on 2/15/2022 and then followed up against on 3/15/2022. You were then scheduled for another follow up on 3/21/2022 with the onsite provider by you did not show up for that appointment. It was rescheduled on 3/30/2022 and you did not show up for that appointment. On 5/17/2022 you followed up with the surgeon. At that time you were educated to continue range of motion and strengthening exercises and educated to use arm as you normally would.

Despite the difference of opinion as to treatment of plaintiff's injuries,[5] he seeks monetary damages for Nurse Tidwell's purported "negligence" and delay in treating his broken arm. He claims that because of the delay in treatment he had to undergo surgery, which required a plate and screws to be installed in his arm.

In the section of the form complaint titled, "Exhaustion of Grievance Procedures," plaintiff states:

> I'm still in the last process waiting on my last response from my grievance. I filed one IRR and once I got to the last stage I never received a response. Medical withheld my response for months. They been prolonging my IRR process for over a year.
> . . .
> I was saying that I was prolonged in my IRR process. That's why I decided to go ahead and fill out this 1983.

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the

---

[5]Plaintiff filed Informal Resolution Request (IRR) SECC22-371 on August 26, 2022, complaining about the delay in receipt of medical care for his arm injury. The IRR Response, SECC 22-371, was filed on April 27, 2022. It states, "Assessment [of his injury on 7/26/21], did not show swelling you did complain of pain and there was a small scrape on the 3rd knuckle on left hand. You were educated on the HSR process if you continued to have issues with your hand."

5

available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

For an inmate to file a lawsuit relating to a delay in medical care under 42 U.S.C. § 1983, he must first exhaust the administrative remedies that are available as to that claim. 42 U.S.C. § 1997e(a). "[T]he language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal" of actions in which the administrative remedies were not exhausted prior to filing. *Johnson*, 340 F.3d at 628 (emphasis added). "Exhaustion of all remedies is set forth by the Missouri Department of Corrections Offender Grievance Procedures and must be completed prior to prisoner filing suit." *Leonberger v. Braunum*, 06-4014-CV-C-SOW, 2007 WL 495024, at *2 (W.D. Mo. Feb. 12, 2007). An inmate satisfies § 1997e(a) by pursing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). When determining whether a plaintiff failed to exhaust administrative remedies, "[i]t does not matter . . . that [plaintiff] may have been subjectively believed that there was no point in pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

The Missouri Department of Corrections utilizes a three-step procedure for its administrative remedy system for prisoners: an Information Resolution Request (IRR), a grievance, *and a grievance appeal*. A prisoner must meet the requirements of each step for their remedies to be considered exhausted under the Prison Litigation Reform Act (PLRA). *Woodford*,

6

548 U.S. at 85. ("Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."); *see also* 42 U.S.C. § 1997e(a).

Although plaintiff indicates in his complaint that he has filed two sets of IRRs and grievances relative to the events in the complaint, it does not appear that he has filed grievance appeals, or yet had his grievance appeals responded to. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

Because plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action*. In so doing, plaintiff should set forth the dates he filed his IRR, his grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s). Plaintiff should also attach copies of his grievance appeals and any written responses to his response to the Order to Show Cause. If he cannot obtain copies from the institution, plaintiff must explain what attempts he has made to request these documents. If plaintiff fails to comply, the Court will dismiss this action *without prejudice* and without further notice.

## Motion for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel on May 19, 2023. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a

7

non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect defendant Heather Tidwell's proper name.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $41.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies *prior to filing this action*. Plaintiff must include in

his show cause response the dates his grievance appeals were filed and denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 18th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE